## Ex Parte Nazario.

Application for the writ of *Habeas Corpus.*

No. 52.—Decided May 24, 1905.

Habeas Corpus—Imprisonment for Failure to Pay Fine.—A judgment condemning a defendant to pay a fine of $800 or in default of payment thereof to serve eight hundred days' imprisonment is valid in so far as the legal term of ninety days imprisonment is concerned, but null and void as to the excess over such legal term; and therefore where the defendant has served ninety days' imprisonment he will be discharged on *habeas corpus.*

Id.—The power of municipal courts to imprison a defendant on failure to pay a fine is governed by the provisions of section 54 of the Code of Criminal Procedure, and the defendant has a right to count the subsidiary imprisonment at the rate of one day for each 50 cents of the fine, and his term of imprisonment cannot exceed ninety days.

The facts are stated in the opinion.

The application was presented to Mr. Justice MacLeary personally.

*Mr. Rossy, Fiscal,* for The People.

Mr. Justice MacLeary delivered the following opinion:

The prisoner was convicted under article 522 of the Penal Code, in the Municipal Court of Ponce, of malicious mischief and was punished by a fine of $800. The court might have punished him by a fine of $1,000, or by imprisonment not exceeding two years in jail, or by both, but the court saw fit to make the punishment a fine only. The court had a right to this, and its judgment was within its lawful jurisdiction and is valid; but the court erred, in my opinion, in requiring the prisoner to serve out his fine at the rate of $1 per day for eight hundred days.

The Supreme Court has decided in the case of *Guadelupe Andino ex parte,* in which the judgment was rendered day before yesterday, that where the municipal court imposes a a fine as a punishment, that the prisoner has a right to serve out that fine in accordance with section 54 of the Code of Criminal Procedure; that is to say, at the rate of 50 cents a day for the amount of the fine. But the court is limited in fixing the imprisonment in lieu of the fine to ninety days in jail, and consequently the court erred in fixing the amount of the imprisonment which was to be served in lieu of the fine at eight hundred days. In my own opinion this part of the judgment itself is perfectly legal, and valid up to the amount of ninety days, but is void for the excess over ninety days. Now if the defendant had chosen to pay the $800 fine rather than to go to jail, that would have been perfectly legal; but inasmuch as he was not sentenced to any imprisonment, but only to a fine, and he has served already ninety days in jail in lieu of that fine, and that being the limit fixed by section 54 of the Code of Criminal Procedure, he must be released, and accordingly the order will be made that the prisoner be released. The secretary will prepare the order releasing the prisoner and I will sign it afterwards. The prisoner can go. You are discharged from custody and you can go free.